IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| KEVIN LONG and LAURE LONG, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No.   1:10-cv-2776 |
| vs. ) | |
| ) | |
| MCMULLEN, DRURY & PINDER P.A. ) | |
| f/k/a MCMULLEN & DRURY P.A., ) | **JURY DEMAND ENDORSED HEREON** |
| ) | |
| Defendant. ) | |

## COMPLAINT

NOW COME the Plaintiffs, KEVIN LONG and LAURE LONG, by and through their attorney, MITCHEL E. LUXENBURG, and for their Complaint against the Defendant, MCMULLEN, DRURY & PINDER P.A., formerly known as MCMULLEN & DRURY P.A., Plaintiffs allege and state as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*.

### JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*.  Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

### PARTIES

3. Plaintiffs are individuals who were at all relevant times residing in Abingdon, Maryland.

4.     Plaintiffs are "consumers" as defined in 15 U.S.C. § 1692a(3), as they are natural persons allegedly obligated to pay a debt.

5.     At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiffs.

6.     On information and belief, Defendant is a professional association of the State of Maryland which has its principal place of business in Towson, Maryland.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

7.     On or about March 30, 2010, Defendant mailed a letter to Plaintiffs in an attempt to collect the aforementioned alleged debt.  A copy of said letter is attached hereto as Exhibit 1.

8.     Said letter contained misleading and conflicting statements regarding the date upon which payment of the alleged debt was due in order for Plaintiffs to avoid the placement of a lien on their property and/or to avoid further legal action against them.

9.     Said letter also overshadowed and was inconsistent with Plaintiffs' rights under the FDCPA in that legal action was threatened against Plaintiffs if payment was not made prior to the expiration of the time which Plaintiffs were afforded by 15 U.S.C. § 1692g to dispute the alleged debt.

10.    Further, Defendant's recitation of Plaintiffs' rights in said letter as afforded by 15 U.S.C. § 1692g was insufficient in that it was buried on the fifth page of the letter after numerous threats of legal action which would be taken against Plaintiffs if the alleged debt was not paid.

11.    In addition, the amount of the debt alleged to be owed by Plaintiffs in said letter did not reflect the correct amount due.

12. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

   a. Using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt or to obtain information about Plaintiffs, in violation of 15 U.S.C. § 1692e(10);

   b. Participating in collection activities which overshadowed and/or were inconsistent with Plaintiffs' right to dispute the debt or to request the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(b);

   c. Failing to give sufficient written notice to Plaintiffs as required by 15 U.S.C. § 1692g(a),

   d. Falsely representing the amount of the debt, in violation of 15 U.S.C. § 1692e(2)(A); and

   e. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

13. As a result of Defendant's violations as aforesaid, Plaintiffs have suffered and continue to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiffs, KEVIN LONG and LAURE LONG, respectfully pray for a judgment against Defendant as follows:

   a. Statutory damages of $1,000.00 for each Plaintiff for each violation of the FDCPA;

   b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiffs; and

   c. Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiffs hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiffs prevail on any of their claims in this action.

        Respectfully Submitted,

        /s/
Mitchel E. Luxenburg (29092)
Attorney for Plaintiffs
23875 Commerce Park
Suite 105
Beachwood, OH 44122
(888) 493-0770, ext. 301 (phone)
(866) 551-7791 (facsimile)
Mitch@LuxenburgLevin.com